FIRST NATIONAL BANK OF FRANCESTOWN *v.* NEWMAN.

Chapter 140, Gen. Laws, is not a bankrupt law.

ASSUMPSIT, on a note. Plea, the general issue, with a brief statement alleging that the defendant, prior to the commencement

of this suit, had made an assignment of all his property, for the benefit of all his creditors, agreeably to Gen. Laws, c. 140 ; that he had in all respects complied with the requirements of the statute ; that the plaintiffs' debt was due from the defendant at the time of the assignment ; that the plaintiffs assented to such assignment, and had proved their debt against the debtor according to law, and that, by virtue of such assignment and the proceedings thereunder, the defendant was discharged from all liability for the note in suit. The plaintiffs moved to reject the brief statement, the motion was granted, and the defendant excepted.   The question intended to be raised is, whether an assignment by a debtor under Gen. Laws, c. 140, and a compliance with its provisions on his part, and the assent of the creditors and proof of their claims, operate to discharge the debtor from his debts, unless paid in full.

*B. K. Webber* and *Briggs & Huse*, for the defendant.

*C. H. Burns*, for the plaintiffs.

CLARK, J.   Chapter 140, Gen. Laws, is not a bankrupt law. It was designed to secure an equal distribution of the debtor's estate among the creditors assenting to the assignment, but it contains no provision for the discharge of the debtor except upon payment of his debts in full.   It operates only upon the estate of the debtor within the state, and does not secure a discharge from his debts beyond the payments made.   In *Hurd* v. *Silsby*, 10 N. H. 108, it was held, under the statute of July 5, 1834, which was similar to the present statute, that a condition in the assignment, that the creditors should accept their several proportions in full discharge of their claims, rendered the assignment invalid.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.